UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                           Plaintiff,

   v.                                               5:06-CV-00570
                                                     (FJS/GHL)
ROBERT V. CASE.
                           Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

UNITED STATES DEPARTMENT OF JUSTICE     BARTHOLOMEW CIRENZA, ESQ.
Counsel for Plaintiff
555 Fourth Street, N.W.
Room 7814
Washington, D.C. 20001

ROBERT V. CASE
Defendant *pro se*
338 Champlin Road
Groton, NY 13073

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

Plaintiff has brought this action against defendant Robert V. Case[1], a taxpayer, seeking to reduce to judgment certain assessed and unpaid federal income tax liabilities and to obtain foreclosure of federal tax liens in favor of the government against property and rights owned by the defendant. From the outset of this action, both plaintiff and the Court have taken steps to

---

[1] Also named as defendants in this action were Jubilee Enterprises, Freedom Ridge Company, Sovereign Woods Company, and Forest Reserve Company, alleged to be fictitious record title holders of parcels of real property sought to be foreclosed upon in this action. Dkt. Nos. 1, 45. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, as well as Rule 55.1 of the *Local Rules of Practice for the United States District Court for the Northern District of New York,* plaintiff requested that the clerk enter defaults against these named defendants. Dkt. No. 63. On April 27, 2010, plaintiff's request was granted. Dkt. No. 64.

secure compliance by the defendant with legitimate discovery demands. As a result of the defendant's persistent failure to comply with those demands, despite the issuance of court orders directing that he do so, I recommend that his answer in this case be stricken, and that he be declared in default.

**I. Background**

On May 9, 2006, the United States filed a complaint to commence this action. Dkt. No. 1. With leave of the Court an amended complaint was filed on November 5, 2009. Dkt. Nos. 43, 45. Defendant filed an answer to the original complaint on September 6, 2006 and an answer to the amended complaint on November 18, 2009. Dkt. Nos. 6, 47. In its complaint, as amended, the United States requests the entry of judgment for unpaid personal income tax assessments for various years, including interest and penalties that continue to accrue. Dkt. No. 45. In addition, plaintiff seeks a declaration that defendant has ownership interests in various properties, a declaration that the United States has valid and subsisting federal tax liens on all of defendant's property and rights to property, and a decree of sale of defendant's real property. *Id.*

As stated above, defendant Case frustrated the discovery process from the commencement of this action. On September 12, 2006, an initial pretrial telephone conference was scheduled for which the defendant failed to appear. On January 4, 2007 a telephone status conference was held. Again, defendant did not appear.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff sought to take defendant Case's deposition on January 31, 2007. However, defendant failed to attend and the United States sought an order to compel the defendant to appear at a later date. Dkt. No. 12. On November 1, 2007, I granted plaintiff's request and directed defendant to present himself for

deposition testimony at the Office of the United States Attorney in Syracuse, New York on December 17, 2007.  Dkt. No. 13.  Defendant objected to the order, but upon review by Senior District Judge, Frederick J. Scullin Jr., the order was affirmed.  Dkt. No. 16.

Defendant attended the deposition as scheduled, but he refused to answer nearly every question, on the basis that doing so would violate his Fifth Amendment right against self-incrimination.  I then requested that each party submit a memorandum of law regarding the defendant's Fifth Amendment assertions.  Dkt. Nos. 17, 18.  After reviewing the submissions, I issued an order dated April 28, 2008, directing defendant to truthfully answer all 58 questions posed to him at the December 17, 2007 deposition.  Dkt. No. 19.  However, at the continued Court supervised deposition on June 27, 2008, defendant again refused to answer certain questions, despite my directives that he do so.

In addition, at defendant's request, I granted him 30 days to retain the services of an attorney and warned him that if he failed to do so, his deposition would be rescheduled and an order would be issued directing him to pay the government for all travel expenses related to the rescheduled deposition.  Defendant did not retain legal counsel and I issued an order for defendant to appear for his continued deposition on August 12, 2008 and to pay the aforementioned travel expenses.  Dkt. No. 27.[2]

Following a telephone status conference on April 22, 2009, at which defendant did not appear, I entered another order directing that defendant's deposition would be completed in my

---

[2] This case was then temporarily closed as a result of defendant voluntarily filing a petition with the United States Bankruptcy Court for the Northern District of New York under Chapter 7 of the United States Bankruptcy Code.  Subsequent to legal steps taken in defendant's bankruptcy matter, Judge Scullin ordered this action to be re-opened on April 1, 2009.  Dkt. Nos. 33, 34, 35.

chambers on May 6, 2009. Dkt. No. 36. However, despite my order, defendant did not present himself at the specified date and time of the deposition. Another telephone status conference was scheduled for August 20, 2009, in which, again, defendant did not participate. Therefore, on August 21, 2009 I issued an order for defendant to reimburse plaintiff the sum of $2,054.69 for costs associated with the August 12, 2008 and May 6, 2009 depositions for which defendant failed to appear. Dkt. Nos. 37, 39.

On April 26, 2010, I issued an order warning defendant that if he failed to participate in a conference scheduled for May 11, 2010 or if he refused to appear for his deposition, this Court would recommend striking defendant's answer to the complaint and his responses to certain allegations in plaintiff's first amended complaint. Dkt. No. 62. Once again, defendant failed to appear.

Now before this court is plaintiff's motion pursuant to Rule 37 of the Federal Rules of Civil Procedure to strike defendant's answer to the original complaint and portions of answers to the amended complaint, to declare defendant in default, and to order entry of default judgment. Dkt. No. 45.

**II. Discussion**

"The rules governing discovery empower courts to order an array of sanctions of varying severity in the event of a party's failure to comply with a court issued discovery order, and affords wide discretion in selecting appropriate relief." *United States v. Piccirillo*, 5:07-CV-00442, 2008 WL 5740367, at *3 (N.D.N.Y Oct. 10, 2008) (citing Fed. R. Civ. P. 37(b); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court has the authority to issue orders in regard to

4

discovery failure "as are just" including: (1) striking out pleadings; (2) rendering a judgment by default; and (3) requiring the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the disobedient party's failure.  See Fed. R. Civ. P. 37(b)(2); *A.V. by Versace v. Gianni Versace S.p.A.*, No. 96 Civ. 9721, 2002 WL 54610, at * 6 (S.D.N.Y. Jan. 15, 2002).

"Supplementing this arsenal of remedies for discovery shortcomings is the inherent power of a court to take appropriate measures against a party, including one proceeding *pro se*, in the event of a failure to comply with a court order."  *Piccirillo*, 2008 WL 5740367, at *3 (citing *Doyle v. Anderson*, No. 02-CIV 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) ("dismissing complaint where plaintiff failed to appear for a scheduled status conference, to attend deposition, and to respond to discovery requests")).

To be sure, such measures are "extreme sanctions to be deployed only in rare situations" but are justified "when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable."  *Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24, 31 (W.D.N.Y. 1991); *Daval*, 951 F.2d at 1367.  And while the imposition of sanctions under Rule 37 is circumscribed by due process considerations, the Second Circuit has observed that, "when a party seeks to frustrate the purpose of the discovery provisions of the Federal Rules of Civil Procedure by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate."  *Satcorp Int'l Group v. China Nat'l Silk Import & Export Corp.*, 101 F.3d 3, 5 (2d Cir. 1996); *A.V. by Versace*, 2002 WL 54610, at *7 (quoting *Daval*, 951 F.2d at 1365).  Informing a court's decision on whether to award the ultimate sanction of striking defendant's answer are various relevant factors including:

>  (1) the history of the failure to comply with court orders;
>
>  (2) whether the party violating the order was given ample time to respond;
>
>  (3) the effectiveness of alternative sanctions;
>
>  (4) whether the non-compliant party was warned of and given an opportunity to argue against the impending sanctions;
>
>  (5) the prejudice to the adversary caused by the failure to comply;
>
>  (6) whether the documents at issue would be normally readily obtainable; and
>
>  (7) the extent of the party's personal responsibility.

*Burke*, 139 F.R.D. at 33.

In this case, a review of these factors weighs heavily in favor of striking defendant Case's answer and declaring him in default. Defendant's dilatory conduct has not been limited to a single instance. Indeed, his obfuscation has been prolonged and persistent. While defendant suggests he did not receive notice and an opportunity to comply with some or all of the Court's orders, as noted in this Court's April 26, 2010 order, "defendant does not categorically deny receiving notice and an opportunity to comply." Dkt. No. 59, at ¶¶ 11-14, Dkt. No. 62 at 1. Defendant's failures have included: (1) failure to attend several telephone status conferences; (2) failure to attend a court ordered/supervised deposition; (3) failure to answer questions during a court supervised deposition; and (4) failure to comply with court ordered award of costs. Morever, despite a clear and unambiguous warning that sanctions would be recommended if he failed to participate in the May 11, 2010 conference call or to appear in the undersigned's chambers for his deposition, defendant ignored this final opportunity to comply. Dkt. No. 62.

The record plainly demonstrates that defendant failed to uphold his obligations and

y
w

responsibilities as a litigant.  *Burke*, 139 F.R.D. at 36.  Defendant's actions can be characterized as nothing less than "willful."  *Daval*, 951 F.2d at 1367.  "In light of such insolence by [defendant Case], it seems highly unlikely that anything but the harshest of medicines has any chance of curing [him] of [his] penchant for flouting court orders."  *Burke*, 139 F.R.D. at 34.  Under these circumstances, I find that consideration of the relevant factors warrants the issuance of an order striking defendant Case's answer and declaring him in default in this action.

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED** that defendant Robert V. Case's answer to the complaint and his responses to allegations in plaintiff's first amended complaint that previously were alleged in the original complaint (Dkt. Nos. 6, 47) be stricken, that he be declared in default in this action, and that plaintiff be given permission to file a motion seeking the entry of an appropriate default judgment.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 12, 2010
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge